**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

SHAKIA L. BAILEY, ADMINISTRATOR
OF THE ESTATE OF JAQARIS A. JEMISON,
DECEASED,

        Plaintiff,

v.                                Civil Action No.: 4:26-cv-00078-RAJ-LRL

AXEL M. ALBERTORIO-RUIZ, *et al.*,

        Defendants.

### ANSWER OF DEFENDANT AXEL M. ALBERTORIO-RUIZ

Defendant Axel M. Albertorio-Ruiz ("Defendant"), by counsel, hereby states the following

as his Answer to the Complaint filed by Plaintiff Shakia L. Bailey, Administrator of the Estate of

Jaqaris A. Jemison, Deceased ("Plaintiff"):

### SUMMARY

1.      Defendant admits that Mr. Jaqaris A. Jemison (the "Decedent") was previously

incarcerated in the Newport News City Jail (the "Jail") and that he took his own life by hanging

himself from a bedsheet. Defendant is without sufficient information to admit or deny Decedent's

history of mental illness, whether he was bullied by other detainees, placed on suicide watch, or

housed alone. Defendant denies the remaining allegations contained in paragraph 1 of the

Complaint.

2.      Defendant is without sufficient information to admit or deny the allegations in

paragraph 2 of the Complaint.

3.      Defendant is without sufficient information to admit or deny the allegations in

paragraph 3 of the Complaint.

4.      Defendant admits that Decedent took his own life by hanging himself from a bedsheet. Defendant is without sufficient information to admit or deny the timing of the rounds completed in Decedent's housing unit. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Defendant is without sufficient information to admit or deny Decedent's medical condition and vital signs when EMS arrived at the Jail, whether Decedent was transported to the hospital, where Decedent was pronounced deceased, and his age at the time of his death. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

## JURISDICTION

6.      Paragraph 6 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

## VENUE

7.      Paragraph 7 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

8.      Paragraph 8 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

## PARTIES

9.      Upon information and belief, Defendant admits that Decedent died on June 17, 2025. The remaining allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be conclusions of fact, they are hereby denied.

10.      Defendant admits that he was a deputy employed by the Newport News Sheriff's Office and served at the pleasure of Sheriff Morgan, the duly elected Sheriff of the City of Newport

2

News. Defendant is without sufficient information to admit or deny the employment status of Amber M. Hogge, Peterson, Vermel Carlson, and John Doe Deputies 1-5. The remaining allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be conclusions of fact, they are hereby denied.

a. Defendant admits that he was assigned to perform security checks in Housing Unit 9 of the Jail on June 17, 2025. Defendant admits that he was terminated from the Sheriff's Office and decertified as a jail officer by the Virginia Department of Criminal Justice Services. Defendant is without sufficient information to admit or deny the date of his termination or decertification. Defendant denies that he failed to complete all requisite security checks, ignored prisoners' calls for help, or lied regarding his actions or circumstances. Defendant denies that his full legal name is Axel Manu Albertorio-Ruiz; rather, his name is Axel Manuel Albertorio-Ruiz. The remaining allegations contained in paragraph 10(a) of the Complaint are denied.

b. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10(b) of the Complaint.

c. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10(c) of the Complaint.

d. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10(d) of the Complaint.

e. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10(e) of the Complaint.

### FACTS

11.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint.

      a.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12(a) of the Complaint

      b.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12(b) of the Complaint.

13.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint.

20. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint.

21. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint.

25. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint.

30. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint

5

31.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint.

35.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint.

36.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint.

37.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint.

38.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint.

39.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint.

40.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint.

41.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint.

53. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 53 of the Complaint.

54. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 54 of the Complaint.

55. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 55 of the Complaint.

56. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 56 of the Complaint.

57. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 57 of the Complaint.

58. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 58 of the Complaint.

59. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies that he observed detainees encouraging the Decedent to hang himself and further denies that he failed to intervene to protect Decedent. Defendant is without sufficient information as to whether any other deputy observed such conduct and their responses to the same. The remaining allegations contained in paragraph 60 of the Complaint are denied.

61. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 61 of the Complaint.

62. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint.

63. Denied.

8

64.    Defendant admits that he immediately responded to detainees' reports that Decedent required assistance in his cell and admits that when he responded to Decedent's cell, Defendant found Decedent hanging from a bedsheet. Defendant further admits that he and other deputies used shears to cut Decedent down from the bedsheet. The remaining allegations contained in paragraph 64 of the Complaint are denied.

65.    Defendant admits that EMS was notified. Defendant is without sufficient information to admit or deny the time that EMS was called.

66.    Defendant admits that nurses from the Jail arrived in Decedent's cell. Defendant is without sufficient information to admit or deny which nurses arrived at which time.

67.    Defendant admits that he drafted a statement. Defendant is without sufficient information to admit or deny the statement's exact contents at this time.

68.    Defendant denies that his written statement was "false." Defendant is without sufficient information to admit or deny the contents of Nurse Lynch's written statement.

69.    Defendant is without sufficient information to admit or deny the findings of the Sheriff's Office internal investigation or his exact statements during the investigation interview. Defendant denies that he made false statements to the Sheriff's Office or Newport News Police Department investigators. The remaining allegations contained in paragraph 69 of the Complaint are denied.

70.    Defendant is without sufficient information to admit or deny the times of his documented security rounds or the contents of video footage referenced in paragraph 70 of the Complaint. Defendant denies the remaining allegations contained in paragraph 70 of the Complaint.

9

71.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendant denies that he "failed to surveil or watch" Decedent. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 77 of the Complaint.

78.     Denied.

79.     Denied.

80.     Paragraph 80 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

81.     Paragraph 81 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

82.     Denied.

83.     Denied.

10

a.    Denied.

b.    Denied.

c.    Denied.

d.    Denied.

e.    Denied.

f.    Denied.

g.    Denied.

h.    Denied.

i.    Denied.

j.    Denied.

k.    Denied.

l.    Denied.

m.    Denied.

## COUNTS

## COUNT I – GROSS NEGLIGENCE

83.    Defendant incorporates his responses to paragraphs 1 through 83[1] of the Complaint by reference as if fully set forth herein.

84.    Defendant is without sufficient information to admit or deny Decedent's mental illness diagnoses and mental health history. Defendant denies the remaining allegations contained in paragraph 84.

85.    Denied.

---

[1] The Complaint contains two paragraphs labelled number 83. For clarity, this Answer mirrors the numbered paragraphs in the Complaint and duplicates paragraph 83.

11

86.    Denied.

    a.    Denied.

    b.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 86(b) of the Complaint.

    c.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 86(c) of the Complaint.

    d.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 86(d) of the Complaint.

    e.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 86(e) of the Complaint.

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

88.    Denied.

89.    Denied.

90.    Denied.

## COUNT II – WILLFUL AND WANTON NEGLIGENCE

91.    Defendant incorporates his responses to paragraphs 1 through 90 of the Complaint by reference as if fully set forth herein.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.     Denied.

98.     Denied.

99.     Denied.

### COUNT III – 42 U.S.C. § 1983
### Failure to Protect – Fourteenth Amendment

100.    Defendant incorporates his responses to paragraphs 1 through 99 of the Complaint by reference as if fully set forth herein.

101.    Paragraph 101 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

102.    Paragraph 102 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied.

103.    Defendant is without sufficient information to admit or deny Decedent's mental health diagnoses. Whether Decedent's mental health diagnoses constitute a "serious medical need" is a legal conclusion to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, they are hereby denied. The remaining allegations contained in paragraph 103 of the Complaint are denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Defendant denies the allegations contained in the "WHEREFORE" clause of the Complaint.

109.    Defendant denies that Plaintiff is entitled to the relief requested and that Plaintiff is entitled to any relief whatsoever.

13

**AFFIRMATIVE DEFENSES**

110.    Plaintiff's claims are barred by the defense of qualified immunity and good faith common law immunity.

111.    Plaintiff's claims are barred by the doctrines of Decedent's contributory negligence and/or assumption of the risk.

112.    Plaintiff's claims are barred by Decedent's own illegal, immoral, intentional, and/or wrongful acts.

113.    Decedent was of sound mind when he purposefully hung himself from a bedsheet in his cell and took his own life.

114.    Defendant exercised reasonable, professional judgment at all times relevant to the Complaint.

115.    Defendant's actions were not the proximate cause of Decedent's decision to take his own life.

116.    Plaintiff's state law claim is barred by the doctrine of sovereign immunity.

117.    Plaintiff's potential damages are capped pursuant to Va. Code § 2.2-1839.

118.    Defendant reserves the right to add such other and further defenses that may develop up and through the trial of this matter.

WHEREFORE, Defendant Axel M. Albertorio-Ruiz, by counsel, respectfully requests that the Court enter judgment in his favor, award the reasonable attorney's fees and costs expended herein, and award such other relief as this Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

AXEL M. ALBERTORIO-RUIZ

By Counsel


By:____/s/_____
      William W. Tunner (VSB No. 32358)
      Rachel W. Adams (VSB No. 92605)
      *Thompson*McMullan P.C.
      100 Shockoe Slip, 3rd Floor
      Richmond, Virginia 23219
      Phone: (804) 649-7545
      Fax: (804) 780-1813
      wtunner@t-mlaw.com
      radams@t-mlaw.com

      *Counsel for Defendant Axel M. Albertorio-Ruiz*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Mark J. Krudys, Esq. (VSB No. 30718)
Danny Zemel, Esq. (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Telephone: (804) 774-7950
Facsimile: (804) 381-4458
mkrudys@krudys.com
dzemel@krudys.com

*Counsel for Plaintiff*

Jeff Wayne Rosen, Esq.
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Telephone: (757) 490-6253
Email: jrosen@pendercoward.com

*Counsel for Defendants Amber Hogge, Deputy Peterson, and Vernel Carlson*

By:   /s/
Rachel W. Adams (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
radams@t-mlaw.com

*Counsel for Defendant Axel M. Albertorio-Ruiz*

16