**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

SHAKIA L. BAILEY, Administrator of the
ESTATE OF JAQARIS A. JEMISON, Deceased,

Plaintiff,

Civil Action No. 4:26-cv-00078

v.

AXEL M. ALBERTORIO-RUIZ, *et al.*,

Defendants

**AGREED PROTECTIVE ORDER**

Upon agreement by the parties, by counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following is hereby ORDERED:

1. This Order governs the handling of all documents, depositions, and information produced, given, or filed herein by the parties and designated or considered Confidential under this order.

2. Any party may designate as Confidential any materials produced in this action, and any portion of any deposition (including exhibits) in this action that contain any confidential, personal, or similar information as such materials have been protected by the Courts (i.e., medical records, tax records, non-public financial records). The designation of any information or document as Confidential shall be made in good faith and such designation may be subject to objection as referenced below.

3. Upon their initial production, Parties may designate materials as confidential by writing, typing, or stamping the word Confidential on the face of any materials so that it is not touching, obscuring, or otherwise obliterating the information contained in the document.

4. The parties may designate deposition testimony or portions thereof as Confidential by so designating such testimony before or after the deposition, but in no event later than fourteen (14) days from the date on which the deposition was taken.

5. In the event such Confidential material is later introduced into evidence or considered by the Court, neither the designation "Confidential," nor the existence of such designation, shall be admitted into evidence or considered by the Court, other than for the Court's consideration of disputes under this Order. Any documents marked Confidential that are admitted into evidence and/or relied on and referenced by the Court in any opinion, other than an opinion regarding a dispute under this Order, shall lose the protection provided in this Order absent further order of the Court to the contrary.

6. In the event materials produced herein which, in a party's opinion, should have been but were not designated as "Confidential," such party may designate such material as Confidential by notifying counsel for all parties as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "Confidential," and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had the documents been designated as "Confidential."

7. Should a party object to the designation of material as Confidential, that party shall give written notice of such objection to the other party. Within seven (7) days, counsel shall confer by phone or email to attempt to resolve such objections. If no resolution is reached, the party objecting to such designation may apply to this Court for a ruling whether the material in question should be treated as Confidential. Pending the Court's ruling, the parties shall treat the documents as Confidential as provided under this Order.

8. Except under further order of this Court, Material designated as Confidential under this Order shall be used solely for the purpose of conducting this litigation. Confidential material may be disclosed only to the following persons for use in this litigation:

A. Counsel of record, and all attorneys, paralegal assistants, para-professional employees, and any other staff members working under the supervision of such counsel;

B. Persons not employed by the parties who are specifically requested to assist counsel in the preparation of this litigation for trial, with disclosure only to the extent reasonably necessary or useful to perform such work;

C. Any person employed by the parties who is designated by such parties to assist counsel in the preparation of this litigation for trial, with disclosure only to the extent reasonably necessary or useful to perform such work;

D. The Court;

E. Expert witnesses; and

F. Any person counsel for the parties have previously agreed to in writing.

9. The persons described in paragraphs 8(A)-(F) are enjoined from disclosing confidential materials to any other person, except in conformance with this Protective Order. Confidential documents disclosed to the persons described in paragraphs 8(A)-(F) retain the protection of this Order despite said disclosure.

10. In the event counsel for any party or non-party determines that it is necessary to file any confidential document with the Court in support of a pleading, motion, brief, or any other paper or exhibit, or to make reference to such material or information, the confidential information shall be redacted, if feasible and practical. Alternatively, a motion to seal such documents shall be filed pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District

of Virginia. If the Court denies the motion to seal, the party may file the document notwithstanding the provisions of this Order.

11. Nothing in this Protective Order shall prevent any party from using confidential documents at the trial of this action. Before commencement of the trial, the parties shall discuss how confidential documents shall be used and apprise the Court of any issues in that regard. Confidential documents that are not admitted into evidence shall continue to retain the protections of confidentiality set out in this Protective Order.

12. Any parties added to this litigation are also bound by this Protective Order, and it is the obligation of the party adding such parties to make sure that such parties have received a copy of the Protective Order at the commencement of the added parties' status as parties. No party shall provide confidential documents or information to any added parties unless and until confirmation is made that the added parties have received a copy of this Protective Order.

13. Inadvertent production of any document or material without a designation of Confidential will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

14. The restrictions provided in this Protective Order shall apply solely to this action but shall not terminate upon a resolution of this matter but shall continue until further order of this Court. Upon final termination of this action, including any appeals, all material designated Confidential shall be destroyed as soon as possible, but no later than five (5) years after final termination of the action.

It is so ORDERED.

Entered this 16th day of September, 2026.

Lawrence R. Leonard
United States Magistrate Judge

WE ASK FOR THIS:

/s/ Danny Zemel

Mark J. Krudys (VSB# 30718)
Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 East Main Street, Suite 2020
Richmond, Virginia 23219
Phone: (804) 774-7950
Fax: (804) 381-4458
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

/s/ Jeff Rosen (w/permission)

Jeff W. Rosen (VSB# 22689)
Jeffrey A. Hunn (VSB# 45487)
PENDER & COWARD
222 Central Park Ave, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax: (757) 490-6253
jrosen@pendercoward.com
jhunn@pendercoward.com
*Counsel for Defendants Hogge, Peterson, and Carlson*

/s/ Rachel Adams (w/ permission)

William W. Tunner (VSB# 38358)
Rachel W. Adams (VSB# 92605)
THOMPSON MCMULLAN PC
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219-4140
Phone: (804) 698-5934
Fax: (804) 780-1813
wtunner@t-mlaw.com
radams@t-mlaw.com
*Counsel for Defendant Albertorio-Ruiz*